UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER CAROVILLANO and STEVEN BRANDT, on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>        v.<br><br>SIRIUS XM RADIO INC.,<br><br>                Defendant. | CIVIL ACTION NO. 23-cv-4723-PAE |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
MOTION TO DISMISS WITHOUT PREJUDICE
FOR LACK OF FEDERAL SUBJECT MATTER JURISDICTION**

Stephen P. DeNittis
Joseph A. Osefchen, Esq.
Shane T. Prince, Esq.
DeNITTIS OSEFCHEN PRINCE, P.C.
315 Madison Avenue, 3rd Floor
New York, NY 10017
Telephone:  (646) 979-3642
sdenittis@denittislaw.com
josefchen@denittislaw.com
sprince@denittislaw.com

*Counsel for Plaintiffs and the Class*

# **TABLE OF CONTENTS**

**Page(s)**

TABLE OF AUTHORITIES……………………………………………………………..ii-iii

Summary of Relief Requested………………………………………………………………….1

Summary of Argument…………………………………………………………………………1

I.    A LACK OF FEDERAL SUBJECT MATTER JURISDICTION CANNOT BE WAIVED AND THE ISSUE OF WHETHER SUCH JURISDICTION EXISTS CAN BE RAISED AT ANY TIME BY ANY PARTY OR THE COURT……………….4

II.    A MOTION CHALLENGING THE EXISTENCE OF FEDERAL SUBJECT MATTER JURISDICTION MUST BE HEARD AND RESOLVED BEFORE THE COURT TAKES ANY OTHER ACTION IN THIS MATTER…………………….6

III.   BECAUSE THIS COURT HAS RULED THAT PLAINTIFFS WERE CONTRACTUALLY BARRED FROM BRINGING A CLASS ACTION, CAFA CANNOT PROVIDE FEDERAL SUBJECT MATTER JURISDICTION OVER THIS CASE……………………………………………………………………….7

Conclusion……………………………………………………………………………………..12

# TABLE OF AUTHORITIES

Page(s)

**CASES**

Archer v. Carnival Corp.,
  No. 20-cv-04203-RGK-SK, 2021 U.S. Dist. LEXIS 201310, at *4-9
  (C.D. Cal. May 14, 2021)……………………………………………………………2, 9

Broder v. Cablevision Sys. Corp.,
  418 F.3d 187, 194 (2d Cir. 2005)……………………………………………………….7

Cortlandt St. Recovery Corp. v. Hellas Telecomms.,
  790 F.3d 411, 416-17 (2d Cir. 2015)…………………………………………………...4

County of Nassau v. New York,
  724 F. Supp. 2d 295, 300 (E.D.N.Y. 2010)…………………………………………….7

D'Amico Dry Ltd. v. Primera Mar. (Hellas) Ltd.,
  756 F.3d 151, 161 (2d Cir. 2014)……………………………………………………….4

Falcon v. Philips Electronics North America Corp.,
  489 F. Supp. 2d 367, 368 (S.D.N.Y. 2007)…………………………………………….8

Gale v. Chi. Title Ins. Co.,
  No. 3:06-CV-1619 (RNC), 2017 U.S. Dist. LEXIS 162346,
  at *9 (D. Conn. Sep. 30, 2017) affirmed 929 F.3d 74, 76 (2d Cir. 2019)…………………6

Gale v. Chicago Title Ins. Co.,
  929 F.3d 74, 76 (2d Cir. 2019)…………………………………………...1, 2, 8, 9, 11

Gutman v. Pointsbet USA Inc.,
  Civil Action No. 1:22-cv-02137-SKC-SBP,
  2024 U.S. Dist. LEXIS 88912, at *42-43 (D. Colo. Apr. 18, 2024)…………………..3, 10

Haag v. Hyundai Motor Am.,
  330 F.R.D. 127, 134 (W.D.N.Y. 2019)…………………………………………………8

Hamad v. Frontier Airlines, Inc.,
  No. 6:23-cv-1209-WWB-LHP,
  2024 U.S. Dist. LEXIS 48345, at *19 (M.D. Fla. Mar. 19, 2024)……………………..3, 10

Lyndonville Sav. Bank & Trust Co. v. Lussier,
  211 F.3d 697, 700-701 (2d Cir. 2000)………………………………………………….4

Makarova v. United States,
    201 F.3d 110, 113 (2d Cir. 2000)……………………………………………………….4

Magee v. Nassau Cty. Med. Ctr.,
    27 F. Supp. 2d 154, 158 (E.D.N.Y. 1998)……………………………………………...7

McGaughey v. Treistman,
    No. 05-cv-7069, 2007 U.S. Dist. LEXIS 126,
    2007 WL 24935, at *3 (S.D.N.Y. Jan. 4, 2007)………………………………………...8

Roman v. Spirit Airlines, Inc.,
    Nos. 20-13699, 19-cv-62725,
    2021 U.S. App. LEXIS 28847, at *2-3 (11th Cir. Sep. 23, 2021)…………………….3, 10

Schultz v. Tribune ND, Inc.,
    754 F. Supp. 2d 550, 555 n.6 (E.D.N.Y. 2010)………………………………………...6

Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.,
    109 F.3d 105, 107 (2d Cir. 1997)……………………………………………………….5

United Food & Commercial Workers Union Local 919, AFL-CIO v.
CenterMark Props. Meriden Square Inc.,
    30 F.3d 298, 301 (2d Cir. 1994)……………………………………………………...4, 5

Yong Qin Luo v. Mikel,
    625 F.3d 772, 775 (2d Cir. 2010)……………………………………………………….4

**STATUTES**

28 U.S.C. §1331…………………………………………………………………………………...1

28 U.S.C. § 1332…………………………………………………………………………………..7

28 U.S.C. §1332(a)………………………………………………………………………………...1

Class Action Fairness Act, 28 U.S.C. § 1332(d)……………………………………………passim

**Summary of Relief Requested**

Plaintiffs hereby move for dismissal of the complaint without prejudice for lack of federal subject matter jurisdiction. Pursuant to binding Second Circuit precedent as set forth in <u>Gale v. Chicago Title Ins. Co.</u>, 929 F.3d 74, 76 (2d Cir. 2019) and the other authorities cited herein, when class allegations are removed from a complaint that was originally filed in federal court with CAFA as the sole basis of federal subject matter jurisdiction, then the district court is divested of CAFA jurisdiction and must dismiss the complaint.

As set forth in the well-established Second Circuit law described in detail in Section II herein, this challenge to this Court's federal subject matter jurisdiction must be heard and resolved before any further action is taken by the Court in this matter.

**Summary of Argument**

It is undisputed that the complaint exclusively raises New York State causes of action. <u>See</u> Complaint at Paragraph 1, Docket Entry No. 1. Thus, there is no federal question jurisdiction over this matter under 28 U.S.C. §1331. It is equally undisputed that the value of each Plaintiff's individual claim is less than $1000 and that all named parties – both Plaintiffs and the sole Defendant – are New York citizens. <u>See</u> Complaint at Paragraphs 13-15, Docket Entry No. 1. Therefore, there is no federal diversity jurisdiction under 28 U.S.C. §1332(a). The sole basis ever asserted for federal subject matter jurisdiction in this matter was 28 U.S.C. § 1332(d) of the Class Action Fairness Act ("CAFA"),[1] based on Plaintiffs' assertion of claims on behalf of a nationwide class. <u>See</u> Complaint at Paragraph 17, Docket Entry No. 1 (**"Jurisdiction over this matter is proper in the United States District Court under the Class Action Fairness Act in**

---

[1] 28 U.S.C. § 1332(d) of CAFA provides in relevant part that **"district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . (A) any member of a class of plaintiffs is a citizen of a State different from any defendant."**

**that this is a proposed class action, Defendant SiriusXM is a citizen of a different state than at least one member of the proposed nationwide Class, and the amount in controversy far exceeds $5 million.").**

On July 18, 2024, this Court held that before Plaintiffs ever filed their complaint in federal court, they had bound themselves to a binding contractual class action waiver which prohibited them from raising class claims against Defendant. See Order and Opinion dated July 18, 2024, Docket Entry No. 55. In other words, the Court ruled that this matter is not, and never has been, a class action and that it never could be a class action. As such, under this Court's ruling, it is submitted that federal subject matter jurisdiction under CAFA is lacking under binding Second Circuit precedent, such that the case must be dismissed without prejudice. See Gale v. Chicago Title Ins. Co., 929 F.3d 74, 76 (2d Cir. 2019):

> **"We agree with Judge Chatigny that when (i) federal jurisdiction in a case filed originally in federal court rests solely on CAFA, (ii) the jurisdiction–granting class–action allegations are eliminated from the complaint, and (iii) no new jurisdiction–granting allegations are added, the district court is divested of CAFA jurisdiction and must dismiss the complaint."**

Additionally, as set forth in greater detail herein, numerous other courts have held that when a complaint is filed in federal court with CAFA as the sole basis for federal subject matter jurisdiction, and the court then determines that the plaintiff is contractually barred from bringing class claims, then the matter must be dismissed for lack of federal subject matter jurisdiction. See e.g. Archer v. Carnival Corp., No. 20-cv-04203-RGK-SK, 2021 U.S. Dist. LEXIS 201310, at *4-9 (C.D. Cal. May 14, 2021) (Exhibit A attached to the Declaration of Stephen DeNittis), finding that where a valid contractual class action waiver existed at the time the complaint was filed, CAFA jurisdiction never existed at any point in the case, stating:

2

**"Although the parties spill much ink over whether the Court's ultimate denial of class certification deprived Plaintiffs of CAFA jurisdiction, <u>the real question is whether the signing of valid and enforceable class-action waivers stripped Plaintiffs of their ability to invoke CAFA jurisdiction when the TAC was filed</u>. The Court believes it does. … In sum, <u>because Plaintiffs signed valid and enforceable class-action waivers, CAFA was not and could never be a proper basis for jurisdiction</u>." (emphasis added)**

See also Roman v. Spirit Airlines, Inc., Nos. 20-13699, 19-cv-62725, 2021 U.S. App. LEXIS 28847, at *2-3 (11th Cir. Sep. 23, 2021) (Exhibit B attached to the Declaration of Stephen DeNittis) (affirming the decision of the district court to dismiss a proposed class action complaint for lack of federal subject matter jurisdiction where the only asserted basis for federal jurisdiction was CAFA and the district court had ruled that the plaintiffs were bound by a contractual waiver that barred class actions); Hamad v. Frontier Airlines, Inc., No. 6:23-cv-1209-WWB-LHP, 2024 U.S. Dist. LEXIS 48345, at *19 (M.D. Fla. Mar. 19, 2024) (Exhibit C attached to the Declaration of Stephen DeNittis ) (**"courts in this District have found that dismissal of class claims due to a class action waiver in a [contract], resulting in individual cases that otherwise do not satisfy jurisdictional requirements under 28 U.S.C. § 1332(a), results in a lack of subject matter jurisdiction"**); Gutman v. Pointsbet USA Inc., Civil Action No. 1:22-cv-02137-SKC-SBP, 2024 U.S. Dist. LEXIS 88912, at *42-43 (D. Colo. Apr. 18, 2024) (Exhibit D attached to the Declaration of Stephen DeNittis) (holding that, based on the court's summary judgement finding that a contractual class action waiver barred plaintiff from bringing a class action, CAFA jurisdiction did not appear to exist over the complaint).

I. **A LACK OF FEDERAL SUBJECT MATTER JURISDICTION CANNOT BE WAIVED AND THE ISSUE OF WHETHER SUCH JURISDICTION EXISTS CAN BE RAISED AT ANY TIME BY ANY PARTY OR THE COURT**

"**It is axiomatic that federal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction.**" Lyndonville Sav. Bank &

Trust Co. v. Lussier, 211 F.3d 697, 700-701 (2d Cir. 2000). **"A district court properly dismisses an action under Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction if the court 'lacks the statutory or constitutional power to adjudicate it,'…"** Cortlandt St. Recovery Corp. v. Hellas Telecomms., 790 F.3d 411, 416-17 (2d Cir. 2015). See also Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

If the Court determines at any time that it lacks federal subject matter jurisdiction, it must dismiss the action. See United Food & Commercial Workers Union Local 919, AFL-CIO v. CenterMark Props. Meriden Square Inc., 30 F.3d 298, 301 (2d Cir. 1994) (**"Where jurisdiction is lacking, moreover, dismissal is mandatory."**). Yong Qin Luo v. Mikel, 625 F.3d 772, 775 (2d Cir. 2010).

A lack of subject matter jurisdiction may not be waived, even by consent of all parties, and the issue of whether federal subject matter jurisdiction exists can be raised at any time by any party, or the Court *sua sponte*. See Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-701 (2d Cir. 2000):

> **"Unlike failure of personal jurisdiction, failure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed."**

See also D'Amico Dry Ltd. v. Primera Mar. (Hellas) Ltd., 756 F.3d 151, 161 (2d Cir. 2014):

> **"Federal courts have a duty to inquire into their subject matter jurisdiction *sua sponte*, even when the parties do not contest the issue."**

The failure of any party to challenge the presence of federal subject matter jurisdiction at an earlier junction does not in any way create such jurisdiction. Rather, challenges to federal subject matter jurisdiction can even be raised for the first time on appeal. See e.g. Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 107 (2d Cir. 1997):

4

> **"It is undisputed that the issue of subject matter jurisdiction was never raised before the District Court. This, however, poses no obstacle because the failure of the parties to contest the district court's authority to hear a case 'does not act to confer [federal] jurisdiction . . . since a challenge to subject matter jurisdiction cannot be waived and may be raised [either by motion or] sua sponte' at any time."**

See also United Food & Commercial Workers Union, Local 919 v. Centermark Props. Meriden Square, 30 F.3d 298, 301 (2d Cir. 1994):

> **"The failure of the parties to contest the district court's authority to hear a case 'does not act to confer [federal] jurisdiction . . . since a challenge to subject matter jurisdiction cannot be waived and may be raised *sua sponte* by . . . a federal appellate court.'** Indeed, our cases make clear that 'it is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, **at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'** Where jurisdiction is lacking, moreover, dismissal is mandatory. **We must, therefore, entertain the Union's jurisdictional challenge regardless of its unexplained failure to raise the issue with the district court…"** (emphasis added) (citations omitted)

Mindful of these cases, Plaintiffs believe they have no choice but to raise the jurisdictional issue now by motion.[2] Otherwise, as this matter moves forward on the merits, there is a serious risk that any party who disagrees with any of the future rulings of the Court in this matter may later argue a lack of federal subject matter jurisdiction, after a great deal of additional time and effort by the parties and the Court have been expended. Indeed, at any time, this Court, or the Court of Appeal (if any party appealed any ruling in this case) could – and should – *sua sponte* dismiss the entire case due to lack of subject matter jurisdiction. Meanwhile, the longer this issue of lack of subject matter jurisdiction goes unaddressed, the more needless time and expense the parties and the Court might be spent on a matter where any results would not

---

[2] Plaintiffs' counsel advised defense counsel that Plaintiffs believe that there is no federal jurisdiction over this matter during a "meet and confer" session earlier today and intends to raise it with the Court.

enforceable due to the lack of subject matter jurisdiction. Nor could the case simply be remanded to state court, since it was originally filed in federal court and was not removed.

In such circumstances, dismissal without prejudice for lack of federal subject matter jurisdiction will spare further investment of time and effort in a case where the Court lacks jurisdiction. See e.g. Gale v. Chi. Title Ins. Co., No. 3:06-CV-1619 (RNC), 2017 U.S. Dist. LEXIS 162346, at *9 (D. Conn. Sep. 30, 2017) affirmed 929 F.3d 74, 76 (2d Cir. 2019) (Exhibit E), explaining that the district court should dismiss, without delay, the complaint for lack of subject matter jurisdiction under CAFA given that the class claims were deleted from the complaint, noting:

> **"It would be unfortunate if the parties were to continue to invest substantial time and money in this litigation only to have the Court of Appeals decide that jurisdiction was lacking once plaintiffs decided to abandon any class claims."**

## II. A MOTION CHALLENGING THE EXISTENCE OF FEDERAL SUBJECT MATTER JURISDICTION MUST BE HEARD AND RESOLVED BEFORE THE COURT TAKES ANY OTHER ACTION IN THIS MATTER

It is black letter law in the courts of the Second Circuit that motions questioning the presence of federal subject matter jurisdiction must be heard and resolved before any other motions or other proceedings. See Schultz v. Tribune ND, Inc., 754 F. Supp. 2d 550, 555 n.6 (E.D.N.Y. 2010) (**"the Court will address plaintiff's motion to remand before addressing defendant's motion to dismiss, because the remand motion challenges the Court's jurisdiction to hear this case. If the Court does not have jurisdiction, it does not have the power to decide defendant's motion."**); Broder v. Cablevision Sys. Corp., 418 F.3d 187, 194 (2d Cir. 2005); County of Nassau v. New York, 724 F. Supp. 2d 295, 300 (E.D.N.Y. 2010) (**"The Court will address plaintiffs' remand before addressing defendants' motions because the remand motion challenges the Court's jurisdiction to hear this case. If the Court does not

6

**have jurisdiction, it does not have power to decide the defendants' motions.");** Magee v. Nassau Cty. Med. Ctr., 27 F. Supp. 2d 154, 158 (E.D.N.Y. 1998) (court must decide jurisdictional motion before other motions).

### III. BECAUSE THIS COURT HAS RULED THAT PLAINTIFFS WERE CONTRACTUALLY BARRED FROM BRINGING A CLASS ACTION, CAFA CANNOT PROVIDE FEDERAL SUBJECT MATTER JURISDICTION OVER THIS CASE

The complaint in the case at bar was not removed to federal court. Rather, the complaint was originally filed in federal court, with CAFA providing the sole basis for federal subject matter jurisdiction. See Complaint at Paragraph 17, Docket Entry No. 1. No other possible basis for federal subject matter jurisdiction exists over the complaint because: 1) all parties are New York citizens; 2) the total value of each of the Plaintiffs' individual claims are less than $1,000 per Plaintiff; and 3) the complaint raises New York state law claims exclusively and does not plead any federal claim or raise any federal question.[3]

On July 18, 2024, this Court determined that Plaintiffs were bound by a contractual class action waiver which barred them from filing or pursuing class action claims. Put simply, the Court has ruled that this matter is not, and could never be, a class action. Under these circumstances, binding Second Circuit precedent requires that Plaintiffs' complaint be dismissed without prejudice based on a lack of federal subject matter jurisdiction. See Gale v. Chicago Title Ins. Co., 929 F.3d 74, 76 (2d Cir. 2019):

> **"We agree with Judge Chatigny that <u>when (i) federal jurisdiction in a case filed originally in federal court rests solely on CAFA, (ii) the jurisdiction–granting class–action allegations are eliminated from the complaint</u>, and (iii) <u>no new jurisdiction–granting allegations are added, the district court is divested of CAFA jurisdiction and must dismiss the complaint</u>." (emphasis added)**

---

[3] The value of Plaintiffs' individual claims are less than $1,000 each. Thus, the amount in controversy is clearly far below the $75,000 amount in controversy diversity requirement of 28 U.S.C. § 1332. Moreover, 28 U.S.C. § 1332 is also inapplicable because all parties are citizens of the state of New York.

7

See also Haag v. Hyundai Motor Am., 330 F.R.D. 127, 134 (W.D.N.Y. 2019) (**"CAFA does not provide a basis for retaining subject matter jurisdiction after a court has denied class certification"**); Falcon v. Philips Electronics North America Corp., 489 F. Supp. 2d 367, 368 (S.D.N.Y. 2007) (**"if class certification is subsequently denied on a basis that precludes even the reasonably foreseeable possibility of subsequent class certification in the future, the Court may lose jurisdiction at that point"**); McGaughey v. Treistman, No. 05-cv-7069, 2007 U.S. Dist. LEXIS 126, 2007 WL 24935, at *3 (S.D.N.Y. Jan. 4, 2007) (Exhibit F attached to the Declaration of Stephen DeNittis) (**"Because Plaintiff's motion for class certification must be denied, Plaintiff's action is no longer a class action, and this Court cannot retain subject matter jurisdiction in diversity over Plaintiff's action pursuant to [CAFA]."**).

Indeed, it is submitted that the case at bar presents an even stronger argument for dismissal without prejudice than existed in Gale v. Chicago Title Ins. Co., 929 F.3d 74, 76 (2d Cir. 2019). In Gale, the Second Circuit held the case must be dismissed for lack of CAFA jurisdiction because the plaintiffs voluntarily abandoned their class claims in an amended complaint. Plaintiffs in the case at bar have not voluntarily abandoned their class claims or amended their complaint to delete the class claims. Rather, this Court has ruled that Plaintiffs may not pursue class claims because – long before they even filed their complaint in federal court – they became bound by a contractual class action waiver and therefore could not ever pursue class claims. Thus, Plaintiffs in the case at bar have done nothing to try to "destroy" CAFA jurisdiction. The absence of CAFA jurisdiction flows directly from the ruling of the Court that Plaintiffs' are contractually barred from bringing class claims. Thus, there can be no question that the Second Circuit's Gale v. Chicago Title Ins. Co. precedent requires this Court to dismiss Plaintiffs' claims without prejudice.

8

In addition, several cases with the same facts and circumstances the case at bar have held that, when the court rules that the plaintiffs are barred from filing a class action pursuant to the terms of a pre-suit contractual waiver, then a complaint that asserts CAFA as the sole basis for federal subject matter jurisdiction must be dismissed without prejudice. The first of these cases is <u>Archer v. Carnival Corp.</u>, No. 20-cv-04203-RGK-SK, 2021 U.S. Dist. LEXIS 201310, at *4-9 (C.D. Cal. May 14, 2021) (Exhibit A attached to the Declaration of Stephen DeNittis). In <u>Archer</u>, the district court ruled that where class claims were prohibited by a pre-filing contractual waiver signed by the plaintiff, CAFA could not provide a basis for federal subject matter jurisdiction. <u>Id</u>. The <u>Archer</u> court distinguished cases dealing with whether subsequent events such as the denial of class certification could or could not destroy CAFA jurisdiction. <u>Id</u>. Instead, the <u>Archer</u> court held that where a valid contractual class action waiver existed at the time the complaint was filed, CAFA jurisdiction never existed at any point in the case at all. See <u>Archer v. Carnival Corp.</u>, No. 20-cv-04203-RGK-SK, 2021 U.S. Dist. LEXIS 201310, at *4-9 (C.D. Cal. May 14, 2021) (Exhibit A attached to the Declaration of Stephen DeNittis):

> **"Although the parties spill much ink over whether the Court's ultimate denial of class certification deprived Plaintiffs of CAFA jurisdiction, <u>the real question is whether the signing of valid and enforceable class-action waivers stripped Plaintiffs of their ability to invoke CAFA jurisdiction when the TAC was filed</u>. <u>The Court believes it does</u>. … In sum, <u>because Plaintiffs signed valid and enforceable class-action waivers, CAFA was not and could never be a proper basis for jurisdiction</u>." (emphasis added)**

Similarly, in <u>Hamad v. Frontier Airlines, Inc.</u>, No. 6:23-cv-1209-WWB-LHP, 2024 U.S. Dist. LEXIS 48345, at *19 (M.D. Fla. Mar. 19, 2024) (Exhibit C attached to the Declaration of Stephen DeNittis) the court questioned the existence of federal subject matter jurisdiction under CAFA after it had been determined that a valid class action waiver barred class claims, stating **"because the class action claims are barred by the COC [contract], and in the amended**

9

**complaint the Court's jurisdiction is based solely on minimal diversity of citizenship pursuant to the Class Action Fairness Act ('CAFA'), 28 U.S.C. § 1332(d), a question exists as to whether the Court still has subject matter jurisdiction over this case."** The <u>Hamad</u> court held that **"courts in this District have found that dismissal of class claims due to a class action waiver in a [contract], resulting in individual cases that otherwise do not satisfy jurisdictional requirements under 28 U.S.C. § 1332(a), results in a lack of subject matter jurisdiction"** and issued an order to show cause requiring the plaintiff to prove some other basis of federal subject matter jurisdiction. <u>Hamad</u>, 2024 U.S. Dist. LEXIS 48345, at *42.

Likewise, in <u>Roman v. Spirit Airlines, Inc.</u>, Nos. 20-13699, 19-cv-62725, 2021 U.S. App. LEXIS 28847, at *2-3 (11th Cir. Sep. 23, 2021) (Exhibit B attached to the Declaration of Stephen DeNittis), the plaintiffs had sued on behalf of multiple classes and CAFA was the sole asserted basis for subject matter jurisdiction for claims of $6 per person, with the complaint asserting a class of more than 100 members with combined claims exceeding $5 million. The district court dismissed the complaint, finding that the "contract or carriage" agreement applicable to the plaintiffs contained a valid class action waiver which barred the plaintiffs from bring class claims. <u>Id</u>. The 11th Circuit affirmed the dismissal of the complaint in <u>Roman</u>, holding that CAFA could not provide federal subject matter jurisdiction, regardless of the fact that the matter had been filed as a proposed class action, stating:

> **"plaintiffs' claims concerning that service were all brought pursuant to the contract of carriage. It follows that their claims fell within the scope of the class-action waiver, and thus that they were obligated to bring them individually. As individual claims, the plaintiffs do not satisfy the statutory amount-in-controversy requirement and must be dismissed for lack of jurisdiction."**

Finally, in <u>Gutman v. Pointsbet USA Inc.</u>, Civil Action No. 1:22-cv-02137-SKC-SBP, 2024 U.S. Dist. LEXIS 88912, at *42-43 (D. Colo. Apr. 18, 2024) (Exhibit D attached to the

10

Declaration of Stephen DeNittis), the court held that, based on the court's summary judgement finding that a contractual class action waiver barred plaintiff from bringing a class action, CAFA jurisdiction did not appear to exist over the complaint and ordered the plaintiff to show cause why the complaint should not be dismissed for lack of federal subject matter jurisdiction, stating:

> **"In short, <u>Defendants' motion and supporting evidence show dispositively that Plaintiffs entered into enforceable waivers of their rights to pursue litigation as a class against PointsBet when signing up for PointsBet accounts… Dismissing the class action claims raises a further issue: Plaintiffs' only stated basis for subject matter jurisdiction in this case is CAFA.</u> Plaintiffs do not allege that diversity otherwise exists, and they have not brought any claims under federal law."**
> **(emphasis added)**

It is submitted that these four federal cases constitute additional compelling persuasive authority as to the issue in the case at bar. Moreover, these opinions are all consistent with <u>Gale v. Chicago Title Ins. Co.</u>, 929 F.3d 74, 76 (2d Cir. 2019), which ***is*** binding precedent. Specifically, these four cases – consistent with <u>Gale</u> – each hold that where a complaint was originally filed in federal court listing CAFA as the sole basis of federal subject matter jurisdiction, and then the class claims are stricken because of a pre-suit contractual waiver, then CAFA does not apply and the complaint must be dismissed for lack of federal subject matter jurisdiction.

## <u>Conclusion</u>

Based on the foregoing, Plaintiffs' complaint should be dismissed without prejudice for lack of federal subject matter jurisdiction.

Dated: January 13, 2025    Respectfully submitted,

By: _____
Stephen P. DeNittis
DeNITTIS OSEFCHEN PRINCE, P.C.
Joseph A. Osefchen, Esq.
Shane T. Prince, Esq.
315 Madison Avenue, 3rd Floor
New York, NY 10017
Telephone: (646) 979-3642
sdenittis@denittislaw.com
josefchen@denittislaw.com
sprince@denittislaw.com

*Counsel for Plaintiffs and the Class*